G. J. SCHOEMAKER, Appellant, v. WALLACE & VERRIER.

**Party walls:** USE BY ADJOINING OWNER: INJUNCTION. Where there was no dispute as to the right to use a party wall except the amount to be paid by the adjoining owner, and the party seeking to enjoin the use failed to prove that the other party had no right thereto, the action to enjoin the use was properly dismissed upon the filing of a bond providing for payment of the sum found due.

Same: COMMON STAIRWAY: EVIDENCE. In this action to enjoin the opening of an archway through a party wall, so as to use a stairway in common, the evidence is held to show that the stairway which was on the lot line was intended to be used in common and that the archway was intended as an entrance thereto.

Same: ACQUIESCENCE: PLEADINGS. Where it was alleged in the petition to enjoin the opening of an archway in a party wall, to permit the use of the stairway in common, that the defendant was the owner of the adjoining lot, and the evidence showed that the division wall, so far as it related to the stairway, and one half of the stairway were on the defendant's lot, plaintiff could not claim acquiescence in the center of the wall as the division line; especially as acquiescence had not been pleaded.

Same: OPENINGS IN PARTY WALL: STATUTES. The statute providing that no division wall shall be built on the land of another with any opening therein does not prevent the construction of such a wall with a view to such opening in the future; and the law recognizes the right to make such openings, upon taking proper precautions to prevent injury to the rights of the other party.

Same: INJUNCTION: BURDEN OF PROOF. The plaintiff seeking to enjoin the use of a party wall has the burden of showing that the defendant was proceeding in violation of his rights.

*Appeal from Sioux District Court.*—Hon. F. R. Gaynor, Judge.

Thursday, February 15, 1912.

In a suit to enjoint the use of a party wall and the cutting of an opening therein, the evidence was introduced and the cause submitted. Thereupon the defendants filed a bond, conditioned as provided in section 3002 of the Code, and, the same being duly approved, the petition was dismissed and the costs taxed to defendants. The plaintiff appeals.—*Affirmed.*

No appearance for appellee.

*Clarence A. Plank,* for appellant.

LADD, J.—Durbin was owner of lot 4 in block 5 in
Hawarden, and in 1892 erected a brick and stone building
thereon.    It fronted east.    Immediately north was lot 3,
then owned by Gehan.    The center of the wall, extending
back eighty-five feet, was on the line between the lots to a
point thirty feet from the street line, then bulged or was
set over on lot 3 either one and one-half feet, as estimated
by the plaintiff, or twenty-six inches, as testified to by the
defendants.    The stairway, three and one-half feet wide,
was next to this thirty-foot wall, and at the top of the
stairway there was an arch, about six and one-half feet
high and three and one-half feet wide, with brick laid
therein.    The wall is twenty-nine feet high and thirteen
inches thick above the foundation, which is sixteen inches
wide at the top, three feet at the bottom, and eight feet
high.    The plaintiff acquired Durbin's title to lot 4 through
his grantee, Gardner, in 1906, and the defendants obtained
Gehan's title to lot 3 the next year, and in 1910 extended
the party wall back fifteen feet, and were erecting a brick
building on their lot, when plaintiff instituted this suit to
enjoin them from making use of the party wall before
paying for it, and from removing the brick from the arch-
way and inserting a door therein.

On the hearing it appeared that the parties had been
unable to agree upon the value of the wall, and upon the
filing of a bond, with conditions as prescribed by section

1. PARTY WALLS:
use by ad-
joining own-
er: injunc-
tion.

3002 of the Code, and duly approved, the
court dismissed the petition and taxed the
costs to defendants.    This was in conformity
with the provisions of the above statute that
"no dispute between the adjoining owners as to the amount
to be paid by one or the other, by reason of any matters
provided in" the chapter of the Code relating to party
walls, "shall delay the execution of the provisions of the
same," and, of course, among them, that authorizing the

use thereof by the adjoining owner in constructing a building on his lot. Chapter 10, title 14, Code.

But counsel contend that, even though the execution of the statutory bond may have obviated the objection to the appropriation of the wall without first paying therefor, 2. SAME: this did not dispose of the issue concerning common the opening through the archway. The evistairway: evidence. dence disclosed that defendants were intending to remove the brick from the archway, put in a door and make use of the stairway as a means of access to the second story of their building. The plaintiff testified that in a talk with defendant Wallace about the value of the party wall he had said, " 'There is another point in the stairway part.' I said: 'I will lump that; we will call it $75, $35 for your share'—which I knew was not what it cost." On cross-examination, he testified further: "My building faces east; my stairway is at the north wall, and at the front of the building. My wall jogs out enough to let the stairway up. I think about a foot and a half. Q. There is a place there in your wall where there was an arch put in at the time you bought the building, and that arch was there and filled in with brick, or arched over, so that there was a place there for a door into the adjoining room? (Plaintiff objects, as incompetent and immaterial.) A. I think there was an arch left there; it was my understanding with Mr. Gehan at the time it was left there he could use it if he ever built; but he had to pay for it. Q. In this wall was fixed an arch, filled in with brick, so that the brick could be taken out to provide a doorway that Gehan or his successors might hereafter erect? (Plaintiff objects, as incompetent and not binding on subsequent purchasers.) Court: Answer subject to objection. A. I don't know what it was put in there for; I suppose so." On redirect examination, he testified to making measurements, and that he "found, as to the jog in my wall, it was

half on my lot and half on Gehan's lot." The defendant Verrier swore that "the stairway is thirty feet long; the jog is twenty-six inches." Whether there was any wall on the inside of the stairway was not disclosed. The only inference to be drawn from this testimony is that the front thirty feet of the wall was set over on lot 3, and the archway left, so that when a building should be constructed thereon access to the second story might be had by means of the stairway, through a door inserted in the archway in the place of the brick. Why the jog of twenty-six inches, or enough to provide for one-half the stairway, if this were not the design? For what purpose the archway, if to continue a part of an unbroken wall? Plaintiff understood this; for he had agreed with Gehan at the time the archway "was left there he could use it if he ever built," and supposed it was constructed with a view of enabling Gehan and his successors to remove the brick and use the arch as a doorway. For what purpose, if not to pass to and from the second story of the building to be built through the stairway? The evidence in connection with the manner of construction leaves no doubt of the design that the archway be used as an entrance to and from the stairway, and that the stairway be used in common.

But counsel argue that defendants and their grantors have acquiesced in the center of this wall out of line as the division line between their properties; and therefore they are without right to the archway and use of the stairway. But plaintiff alleged in his petition that defendants are owners of lot 3, and the evidence leaves no doubt but that the front thirty feet of the wall is on that lot. Moreover, any right because of acquiescence was not pleaded.

3. SAME: acquiescence: pleadings.

Section 2996 of the Code, providing that "no wall shall be built by any person on the land of another with any openings therein," does not prohibit constructing such a wall, with a view to an opening therein in the future; and

section 3001 recognizes the right of the adjoining owner to

**4. Same:**
**openings in**
**party wall:**
**statutes.**

make openings therein upon taking "all necessary precautions to guard against injury to the rights of the other, to be ascertained by persons skilled in building."

The burden was on plaintiff to show that defendants were proceeding in violation of his rights, and this he has failed to do. All he is entitled to is compensation for one-half the value of the party wall, which may be construed to include the stairway, and therein he is fully protected by the bond filed with the clerk of the district court. The petition was rightly dismissed.—*Affirmed.*

**5. Same:**
**injunction:**
**burden of**
**proof.**